# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CARLTON TURNER (#372940)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**HOWARD PRINCE**　　　　　　　　　　　　　　　**NO. 11-0050-BAJ-DLD**

**consolidated with:**

**CARLTON TURNER (#372940)**　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**HOWARD PRINCE**　　　　　　　　　　　　　　　**NO. 11-0267-BAJ-DLD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 25, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CARLTON TURNER (#372940)** | **CIVIL ACTION** |
| **VERSUS** | |
| **HOWARD PRINCE** | **NO. 11-0050-BAJ-DLD** |

<u>**consolidated with:**</u>

| | |
|---|---|
| **CARLTON TURNER (#372940)** | **CIVIL ACTION** |
| **VERSUS** | |
| **HOWARD PRINCE** | **NO. 11-0267-BAJ-DLD** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The pro se plaintiff, an inmate previously confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Howard Prince, complaining that his constitutional rights were violated on August 22, 2010, when he was subjected to hazardous conditions of confinement. Specifically, he alleges that on that date, as a result of the lack of a cover on the drain in the shower cell on his cell tier, he slipped and fell and sustained resulting injuries.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."

Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra; Denton v. Hernandez, supra.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1993.  Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992).  A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed.  Green v. McKaskle, supra.

Applying this standard in the instant case, the Court concludes that the plaintiff fails to state a claim of constitutional dimension and that his claims are, therefore, frivolous as a matter of law.  In this regard, he alleges that on August 22, 2010, he was taking a shower in the shower cell on his cell tier when the heel of his foot slipped into the drain which did not have a cover on it.  As a result, he lost his balance and sustained a fall which injured his knee and cut his foot.  He complains that for several months prior to this accident, inmates had been complaining of the absence of a cover on the referenced drain.

The plaintiff's claim of an alleged dangerous condition within the plaintiff's housing unit implicates his Eighth Amendment right to be free from cruel and unusual punishment in the form of unconstitutional conditions of confinement.  In this regard, however, it is well-settled that the United States Constitution imposes upon prison officials only minimal requirements in the treatment and facilities which they provide to prisoners.  Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  A constitutional violation occurs only when two requirements are met.  First, there is the objective requirement that the condition "be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need."  Harris v. Angelina County, Texas, 31 F.3d 331 (5th Cir. 1994), citing Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  Second, under a subjective standard, the Court must determine that the prison official responsible for the deprivation was "'deliberately

indifferent' to inmate health or safety". Farmer v. Brennan, supra. Mere negligence is not a basis for liability under § 1983. Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987). Rather, a prison official must both be personally aware of facts from which an inference may be drawn that a substantial risk of serious harm exists, and the official must also have drawn the inference. Farmer v. Brennan, supra. The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of his confinement. Woods v. Edwards, 51 F.3d 577 (5th Cir. 1995); Wilson v. Seiter, supra.

In the instant case, there is no indication whatever that the single named defendant, Warden Howard Prince, was deliberately indifferent to the plaintiff's health or safety or deprived the plaintiff of any basic human need. All that the plaintiff has alleged is that there was a cover missing from the drain in his shower cell on August 22, 2010, and that this condition caused him to sustain a fall and injury on that date. The plaintiff does not allege, however, that defendant Prince, as Head Warden at EHCC, was personally aware prior to the plaintiff's injury that this condition existed or that it presented a significant risk of harm to the plaintiff's health or safety. Further, there is nothing in the record to suggest that the plaintiff and numerous other inmates housed in that facility were not generally able, on a daily basis, to negotiate the open and obvious hazard. Although it would certainly have been preferable for the drain in the referenced shower cell to have had a cover, it is clear that not every minimally deficient condition rises to the level of a constitutional deprivation. See Noble v. Grimes, 350 Fed.Appx. 892 (5th Cir. 2009) (dismissing as frivolous a claim relative to a slip and fall in a prison shower area); Smith v. Leonard, 242 Fed.Appx. 139 (5th Cir. 2007) (same); Beasley v. Anderson, 67 Fed.Appx. 242 (5th Cir. 2003), cert. denied, 540 U.S. 1114, 124 S.Ct. 1050, 157 L.Ed.2d 905 (2004) (same); Sawyer v. Hickey, 62 F.3d 395 (5th Cir. 1995) (same). On the record before the Court, therefore, it does not appear that the alleged dangerous condition in the instant case represents the denial of a basic human need or represents deliberate conduct on the part of Warden Prince in exposing the plaintiff to a serious risk of injury of which the defendant was subjectively aware. Accordingly, on the record before the Court, the Court concludes that there is

no basis for the imposition of liability against the defendant and that this action should be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's action be dismissed, with prejudice, as frivolous pursuant to 28 U.S.C. § 1915.[1]

Signed in Baton Rouge, Louisiana, on August 25, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] Section 1915(g) of Title 28 provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."